# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:18-CV-00032-DSC

| | |
|---|---|
| JANE DOE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LENOIR-RHYNE UNIVERSITY, ) <br> ) <br> Defendant. ) | **ORDER** |

**THIS MATTER** is before the Court on the Defendant's "Motion for Summary Judgment" (document # 43) and the parties' associated briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction under 29 U.S.C. § 636 (c). This Motion is now ripe for the Court's consideration.

After fully considering the arguments, the record, and the applicable authority, the Court denies Defendant's Motion for Summary Judgment as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 19, 2018, Plaintiff filed this action in Catawba County Superior Court alleging negligence, gross negligence, negligent infliction of emotional distress, breach of implied warranty of habitability, violation of Title IX, and breach of contract. The case was removed to this Court on February 22, 2018. Plaintiff's claims for breach of implied warranty of habitability, violation of Title IX, and breach of contract have been dismissed. The Court now

turns to Plaintiff's remaining claims of negligence, gross negligence, and negligent infliction of emotional distress.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate where the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. "A dispute is genuine if a reasonable jury could return a verdict for the non-moving party." Vannoy v. Federal Reserve Bank of Richmond, 827 F.3d 296, 300 (4th Cir. 2016) (quoting Libertarian Party of Va. v. Judd, 718 F.3d 308, 313 (4th Cir. 2013)). "A fact is material if it might affect the outcome of the suit under the governing law." Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must view the evidence and any inferences therefrom in the light most favorable to the non-moving party. Tolan v. Cotton, 572 U.S. 650, 657 (2014); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court applies "the fundamental principle that at the summary judgment stage, reasonable inferences should be drawn in favor of the non-moving party." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 570 (4th Cir. 2015) (quoting Tolan, 572 U.S. at 660).

"Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." Id. at 568-69 (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)). "The court

therefore cannot weigh the evidence or make credibility determinations." Id. at 569 (citing Mercantile Peninsula Bank v. French (In re French), 499 F.3d 345, 352 (4th Cir. 2007)). In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 252.

### III. Discussion

The Court concludes that taking the evidence in the light most favorable to Plaintiff, there is an issue of material fact that would permit, but not require, a reasonable jury to return a verdict in her favor on her negligence based claims. Accordingly, Defendant's Motion for Summary Judgment is denied.

Plaintiff has raised a discovery issue regarding Jane Doe #2 (Document #48 pg. 14). The Court will address this issue when properly raised by motion.

### IV. ORDER

**NOW THEREFORE IT IS ORDERED** that:

Defendant's "Motion for Summary Judgment" (Document #43) is **DENIED**. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 6, 2019

David S. Cayer
United States Magistrate Judge